# IN THE COURT OF APPEALS OF IOWA

No. 20-0868
Filed June 30, 2021

**CYNTHIA S. MAHONEY,**
          Petitioner-Appellant,

**vs.**

**ROBERT HALF INTERNATIONAL, INSURANCE CO. OF THE STATE OF PENNSYLVANIA, and SECOND INJURY FUND OF IOWA,**
          Respondents-Appellees.
_____

          Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.


          Petitioner appeals the district court ruling affirming the workers' compensation commissioner's decision denying her petition seeking workers' compensation benefits. **AFFIRMED.**


          Thomas Wertz of Wertz Law Firm, Cedar Rapids, for appellant.

          Abigail A. Wenninghoff and Kalli P. Gloudemans of Larson, Kuper & Wenninghoff, Omaha, Nebraska, for appellees Robert Half International and Insurance Co. of the State of Pennsylvania.

          Thomas J. Miller, Attorney General, and Jonathan D. Bergman, Assistant Attorney General, for appellee Second Injury Fund of Iowa.


          Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Cynthia Mahoney appeals the district court ruling affirming the workers' compensation commissioner's decision denying her petition for workers' compensation benefits. The commissioner properly determined the weight to be given to an expert medical opinion. The commissioner's factual findings were supported by substantial evidence. The commissioner's application of the law to the facts was not irrational, illogical, or wholly unjustifiable. We affirm the district court's decision that affirmed the ruling of the workers' compensation commissioner denying Mahoney's claim of a cumulative injury to her right arm and wrist.

### I.    Background Facts & Proceedings

Mahoney was in an automobile accident in 2006 and received injuries to her right arm and wrist. She had surgery to repair the injuries, with plates and screws placed in her right arm and wrist. Mahoney was unable to continue with certain activities, such as volleyball and bowling. She did not have any work restrictions. She had some complaints of pain through 2012 and 2013.

In 2014, Mahoney began working for Robert Half International (RHI), which places employees in temporary positions. In January 2015, Mahoney was placed at Tax Act, where she responded to consumers' telephone calls regarding a software program used to prepare taxes.[1] Mahoney testified her position at Tax Act was faster-paced than previous positions and required more use of a computer

---

[1] Mahoney has a master's degree in accounting and a law degree. She also has many years of experience working as an accountant.

keyboard and ten-key calculator. She stated she began to experience new pain and numbness in her right hand.

In March, Mahoney saw Dr. Timothy Loth, who diagnosed tendonitis. Mahoney had physical therapy and cortisone or steroid shots into her wrist, but her condition did not improve. She also had an ergonomic evaluation of her workstation. In addition, she met with a vocational consultant. She quit her position at the end of March. Mahoney obtained a different position through RHI that did not have the same level of keyboarding.

On July 5, 2016, Mahoney filed a claim for workers' compensation benefits, claiming she received a cumulative injury to her right arm.[2] She saw Dr. Robin Sassman for a second opinion in February 2017. Dr. Sassman assigned a three percent impairment rating for Mahoney's right arm for tenosynovitis, which was attributed to a new, repetitive motion injury. Gina Carson, a representative of RHI, testified at the administrative hearing that Mahoney's job at Tax Act did not require constant typing, but involved "more scrolling and clicking."

The deputy workers' compensation commissioner found:

[C]laimant has failed to meet her burden of proof that she suffered a new cumulative injury which manifested in March 2015. While the claimant did suffer some new symptoms during that timeframe, I do not find the quality of evidence in this record to qualify these symptoms as a new, distinct work injury. The claim was not worked up independently. Other than Dr. Sassman, no physician has opined that she suffered a new work injury. Ms. Mahoney had consistently

---

[2] Mahoney filed a separate claim for benefits based on a fall at work. The deputy commissioner found Mahoney carried her burden of proof that an injury to her right upper extremity in October 2006 was a qualifying first injury entitling her to benefits from the second injury fund. The deputy commissioner further found Mahoney sustained a twelve percent loss of function of her left upper extremity and the effects of the two injuries combined resulted in a thirty percent industrial disability. These findings are not disputed on appeal.

experienced symptoms and difficulties in her right wrist from the auto accident as late as 2012 and 2013. It appears that, at most, she suffered a temporary aggravation of her other impairments set forth above. Moreover, I find that, even if she did suffer a new work injury, it did not substantially increase her loss of function in her right arm.

The deputy concluded Mahoney was not entitled to workers' compensation benefits based on her claim of a cumulative injury to her right arm and wrist.

Mahoney appealed to the workers' compensation commissioner. The commissioner affirmed the deputy's finding that Mahoney failed to prove she sustained a cumulative injury to her right arm and wrist arising out of and in the course of her employment.

Mahoney filed a petition for judicial review. The district court determined there was substantial evidence in the record to support the commissioner's decision. The court noted the commissioner considered all of the relevant evidence and determined Mahoney had not established a permanent, cumulative injury to her right arm and wrist. The court stated the commissioner could have concluded Dr. Sassman's opinion was not persuasive on the ground Dr. Sassman had been provided with inaccurate facts. The court affirmed the commissioner's decision. Mahoney now appeals the decision of the district court.

## II.     Standard of Review

"When reviewing the decision of the district court's judicial review ruling, we determine if we would reach the same result as the district court in our application of the Iowa Administrative Procedure Act." *Sladek v. Emp't Appeal Bd.*, 939 N.W.2d 632, 637 (Iowa 2020) (quoting *Insituform Techs., Inc. v. Emp't Appeal Bd.*, 728 N.W.2d 781, 787 (Iowa 2007)). The commissioner's factual findings are upheld on appeal if they are supported by substantial evidence when the record is

viewed as a whole. *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016). We consider whether there is substantial evidence to support the findings made by the commissioner, not whether the evidence could support different findings. *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009).

### III. Expert Medical Opinion

Mahoney claims the commissioner improperly disregarded the medical opinion of Dr. Sassman. She states that the employer did not present medical evidence to support its position that she had not sustained a cumulative injury to her right arm and wrist. She asserts the medical opinion of Dr. Sassman should be sufficient to prove she had a new, repetitive motion injury.

"Whether an injury has a direct causal connection with the employment or arose independently thereof is essentially within the domain of expert testimony." *Dunlavey v. Econ. Fire & Cas. Co.*, 526 N.W.2d 845, 853 (Iowa 1995). "The weight to be given such an opinion is for the finder of fact, in this case the commissioner, and that may be affected by the completeness of the premise given the expert and other surrounding circumstances." *Id.* "When an expert's opinion is based upon an incomplete history, the opinion is not necessarily binding upon the commissioner." *Id.*

The deputy noted Dr. Sassman's opinion but found other evidence did not support a finding that Mahoney experienced a new work injury. The deputy found "Mahoney had consistently experienced symptoms and difficulties in her right wrist from the auto accident as late as 2012 and 2013." The commissioner affirmed and adopted these findings. The district court stated the commissioner could have concluded Dr. Sassman was not provided with accurate facts concerning

Mahoney's job description at Tax Act and the date her wrist symptoms began. The commissioner determines the weight to be given to an expert medical opinion. *See Dunlavey*, 526 N.W.2d at 853. We find the commissioner appropriately considered Dr. Sassman's opinion.

### IV. Substantial Evidence

**A.** Mahoney asserts that there is not substantial evidence in the record to support several of the deputy's findings, which were adopted and affirmed by the commissioner. The deputy stated, "While the claimant did suffer some new symptoms during that timeframe, I do not find the quality of evidence in this record to qualify these symptoms as a new, distinct work injury. The claim was not worked up independently." Mahoney claims she received independent treatment for a right arm injury in 2015.

Mahoney fell at work on October 20, 2014. She initially claimed that she injured her left arm and reinjured the right arm when she fell. She later stated the right arm injury was due to fast-paced repetitive typing. Melissa Fagan, a registered nurse practitioner, recommended an ergonomic evaluation of Mahoney's workstation after noting her problems with both arms. While there is evidence Mahoney complained of pain in her right arm and wrist, there is substantial evidence to show her complaints were not limited to her right arm and wrist, and thus there is substantial evidence in the record to support the commissioner's finding that her right arm problems were "not worked up independently."

**B.** Mahoney claims the commissioner's findings on causation are not supported by substantial evidence. She states the evidence does not support a

finding that she "consistently experienced symptoms and difficulties in her right wrist from the auto accident as late as 2012 and 2013."

Medical records from February 16, 2013, state, "Right forearm screw coming undone. Result of car accident in 2006." The records also state her right forearm was tender. Records from another doctor visit on June 20, 2013, state she had increased pain and numbness around the area where there were screws in her arm. We conclude there is substantial evidence in the record to support the commissioner's finding that Mahoney continued to have "symptoms and difficulties" from the 2006 automobile accident into 2013. *See St. Luke's Hosp. v. Gray*, 604 N.W.2d 646, 649 (Iowa 2000) (noting we consider whether the evidence supports the findings actually made by the commissioner, not whether the evidence supports a different finding).

### V. Cumulative Injury

Mahoney claims the commissioner abused his discretion by finding she did not have a cumulative injury to her right arm and wrist on March 2, 2015. On the issue of the application of the law to the facts, "[w]e allocate some degree of discretion in our review of this question, but not the breadth of discretion given to the findings of fact." *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006). The application of the law to the facts "can be affected by other grounds of error such as erroneous interpretation of law; irrational reasoning; failure to consider relevant facts; or irrational, illogical, or wholly unjustifiable application of law to the facts." *Id.* at 218.

We have determined there is substantial evidence in the record to support the commissioner's factual findings. Contrary to Mahoney's argument, the

commissioner did not ignore important and relevant evidence. The commissioner appropriately determined the weight to be given to the evidence in the case and found Mahoney did not establish her claim of a cumulative injury. We conclude the commissioner did not abuse his discretion. The commissioner's decision was not irrational, illogical, or wholly unjustifiable. *See* Iowa Code § 17A.19(10)(m) (2019); *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010).

We affirm the district court's decision that affirmed the ruling of the workers' compensation commissioner denying Mahoney's claim of a cumulative injury to her right arm and wrist.

**AFFIRMED.**